**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FRANZUA RENZO ZULOETA
RAMIREZ GASTON,

        Petitioner,

v.                                                               Case No:   6:24-cv-1411-JSS-LHP

CYNTHIA ISABEL CHAVEZ
GUTIERREZ,

        Respondent

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY'S FEES AND NECESSARY EXPENSES (Doc. No. 57)**
>
> **FILED:** **September 20, 2024**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

In this case arising under the Hague Convention on the Civil Aspects of International Child Abduction, Petitioner moves for an award of attorney's fees and expenses.  Doc. No. 57.  Petitioner filed the motion on September 20, 2024, in

anticipation that the Court would rule in his favor on his Petition for return of the minor child to Peru. *Id.* at 1. On October 2, 2024, the Court granted the Petition. Doc. No. 62; *see also* Doc. No. 67. Petitioner's motion for attorney's fees and expenses was thereafter referred to the undersigned for consideration.

Upon review, Petitioner's motion (Doc. No. 57) will be denied without prejudice. First, the motion fails to comply with Local Rule 3.01(g) and fails to contain Respondent's position on the motion. *See* Local Rule 3.01(g)(1)–(2). Second, although Petitioner cites a statutory basis for his fee request,[1] Petitioner conducts no analysis on the reasonableness of the requested fees under the lodestar approach, nor does Petitioner provide any legal authority demonstrating that the lodestar would not apply. Third, Petitioner seeks $4,000.00 in "Petitioner's expenses for travel and stay awaiting hearing," without explanation or documentation in support, and without legal authority demonstrating that said expenses would be recoverable. *See* 22 U.S.C. § 9007(b)(3).[2]

Accordingly, the Motion for Attorney's Fees and Necessary Expenses (Doc. No. 57) is **DENIED without prejudice**. Petitioner may renew the motion, as

---

[1] Petitioner cites 42 U.S.C. § 11607(b)(3), which is a prior version of the statute; the applicable statute is 22 U.S.C. § 9007(b)(3).

[2] The Appendix to Motion for Attorney's Fees and Costs, Doc. No. 70, filed well after the motion and without explanation, does not cure the deficiencies identified herein.

- 2 -

appropriate, within **twenty-one (21) days** of the date of this Order. A renewed motion must contain a Local Rule 3.01(g) certification stating Respondent's position on the request, and shall otherwise address the issues outlined in this Order, by citation to applicable legal authority and evidence in support.

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties