# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FRANZUA RENZO ZULOETA
RAMIREZ GASTON,

          Petitioner,

v.                                                    Case No:   6:24-cv-1411-JSS-LHP

CYNTHIA ISABEL CHAVEZ
GUTIERREZ,

          Respondent

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **PETITIONER'S SECOND AMENDED MOTION FOR ATTORNEY'S FEES AND NECESSARY EXPENSES (Doc. No. 74)** |
| **FILED:** | **October 23, 2024** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART.**

## I.    INTRODUCTION

This matter arises from a claim alleging that Respondent Cynthia Isabel Chavez Gutierrez wrongfully removed her and Petitioner Franzua Renzo Zuloeta Ramirez Gaston's then three-year-old son J.M.S.R.G.C. from Peru to the United States.   Doc. No. 1.   Petitioner commenced this action on July 31, 2024 by filing, through counsel, a Verified Petition seeking the return of his son to Peru pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), which is embodied in the International Child Abduction Remedies Act ("ICARA"). 22 U.S.C. §§ 9001–9011 (formerly cited as 42 U.S.C. §§ 11601–11610).   *Id.*    Numerous proceedings occurred in this matter, to include an in-person status hearing on August 15, 2024 before Presiding United States District Judge Julie S. Sneed, and a one-day in-person evidentiary hearing on September 19, 2024 also before Judge Sneed.   *See* Doc. Nos. 5, 15-16, 56.

On September 30, 2024, Judge Sneed granted Petitioner's Verified Petition, finding that Peru was J.M.S.R.G.C.'s habitual residence and directing the parties to confer and agree on a time and method of return of J.M.S.R.G.C. to Peru.   Doc. No. 62.   Because the parties were unable to agree, on October 4, 2024, Judge Sneed ordered Respondent to return J.M.S.R.G.C. to Peru on or before October 29, 2024. Doc. No. 67.

In the meantime, on September 20, 2024, Petitioner, through counsel, filed his first request for an award of attorney's fees and expenses pursuant to 22 U.S.C. 9007(b)(3), in which he sought $7,108.34 in fees and $4,405.00 in costs.   Doc. No. 57. Upon referral, on October 8, 2024, the undersigned denied that motion without prejudice for failure to comply with Local Rule 3.01(g), for failure to conduct any lodestar analysis as to his requested attorney's fees (or failure to explain why a lodestar analysis would not apply), and failure to provide any legal authority, argument, or evidentiary support for $4,000.00 in "Petitioner's expenses for travel and stay awaiting hearing."   Doc. No. 71.   The undersigned afforded Petitioner time to re-file his motion and directed Petitioner to comply with Local Rule 3.01(g) and address the identified deficiencies.   *Id.*

On October 10, 2024, Petitioner filed his second request for attorney's fees and expenses, in which he requested $13,351.15 in "necessary expenses."   Doc. No. 72. However, Petitioner's second motion again wholly failed to include any legal authority, argument, or evidentiary support, and it was entirely unclear whether the amount requested included any attorney's fees – the motion merely referenced previously filed attachments.   *Id.*; *see also* Local Rule 3.01(f).   Accordingly, on October 21, 2024, the undersigned denied the second motion for failure to comply with Local Rule 3.01(g)(3) and for failure to comply with any of the directives set forth in the undersigned's October 8, 2024 Order (Doc. No. 71).   Doc. No. 73.   The

undersigned provided Petitioner 21 days to file a renewed motion and emphasized that the renewed motion "must include a memorandum of legal authority supporting the requested fees, and must adequately address, by citation to legal authority and evidence in support (in the body of the motion), the fees and expenses sought." *Id.*, at 3.

On October 23, 2024, Petitioner filed the above-styled third request for attorney's fees and costs. Doc. No. 74. While somewhat confusing, it appears that Petitioner is requesting $13,351.15 in "necessary expenses," $6,867.00 in attorney's and paralegal fees, and a $405.00 filing fee. *Id.*; *see also* Doc. No. 74-1. According to the motion, Petitioner's counsel reached out to Respondent's counsel on October 8, 2024 to discuss the motion, but Respondent never provided her position on the motion. *Id.*, at 2-3.[1] Respondent also has not filed a response to the motion, and the time to do so has long expired. Therefore, the motion is deemed unopposed. *See* Local Rule 3.01(c).

---

[1] Once again, Petitioner's counsel failed to comply with the supplemental conferral requirements of Local Rule 3.01(g)(3). However, in the interests of judicial efficiency, and given that Respondent was served with and aware of the motion and never filed a response, the undersigned will recommend that the Court forgive Petitioner's lack of compliance and instead proceed to the merits of the motion.

The motion has been referred to the undersigned, and for the reasons set forth below, the undersigned will respectfully recommend that the motion (Doc. No. 74) be granted in part and denied in part.[2]

## II.    LEGAL STANDARD

The American Rule provides that in the absence of legislation authorizing otherwise, each party must pay its own attorney's fees.  *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 244 (1975).   Congress can provide limited exceptions to this rule, and it has chosen to do so in ICARA's provision on attorneys' fees, which states, in part:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

---

[2] The undersigned notes that requests for fees and non-taxable expenses are governed by the bifurcated process set forth in Local Rule 7.01.  However, given the procedural posture of this case, the numerous attempts by Petitioner to submit a properly supported motion, the lack of response from Respondent, and the language and purposes of ICARA's fee shifting statute, the undersigned recommends that the Court forego the procedures of Local Rule 7.01 and instead rule on both entitlement and quantification, to the extent discussed herein.  *See* Local Rule 1.01(b); *see also Neiuwenhoven v. Pisani*, No. 5:23-cv-34-GAP-PRL, 2023 WL 3794568, at *2 (M.D. Fla. May 18, 2023), *report and recommendation adopted*, 2023 WL 3791463 (M.D. Fla. June 2, 2023) (addressing both entitlement and quantification of fees and costs under ICARA at the same time).

22 U.S.C. § 9007(b)(3).

An award of fees and expenses under this provision serves two purposes: "(1) 'to restore the applicant to the financial position he or she would have been in had there been no removal or retention,' and (2) 'to deter such [removal or retention].'" *Neiuwenhoven v. Pisani*, No. 5:23-cv-34-GAP-PRL, 2023 WL 3794568, at *2 (M.D. Fla. May 18, 2023), *report and recommendation adopted*, 2023 WL 3791463 (M.D. Fla. June 2, 2023) (alteration in original) (quoting Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10,494, 10,511 (Mar. 26, 1986)); *see also Cook v. Cook*, No. CV-07-8099-PCT-DGC, 2007 WL 3120122, at *1 (D. Ariz. Oct. 23, 2007).    This statutory language creates "a strong presumption in favor of fee-shifting." *Rath v. Marcoski*, 898 F.3d 1306, 1311 (11th Cir. 2018).    As such, "courts must place on the losing respondent the substantial burden of establishing that a fee award is clearly inappropriate." *Id.* (citing *Salazar v. Maimon*, 750 F.3d 514, 522 (5th Cir. 2014)).    Usually this results in courts undertaking two inquiries: "(1) whether the petitioner's fees were necessary; and (2) whether an award of such fees would be 'clearly inappropriate' in light of respondent's financial circumstances, subjective good faith in his or her actions, or other equitable circumstances." *Neiuwenhoven*, 2023 WL 3794568, at *2 (citing *Moonga v. Moonga*, No. 1:17-CV-2136-TWT, 2018 WL 4026020, at *1 (N.D. Ga. Aug. 23, 2018)).

When determining a reasonable attorney's fee under ICARA, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *See Neiuwenhoven*, 2023 WL 3794568, at *2; *Porter v. Gonzalez*, No. 8:09-cv-753-T-17TGW, 2009 WL 3417862, at *2 (M.D. Fla. Oct. 20, 2009); *Chafin v. Chafin*, No. CV–11–J–1461–NE, 2012 WL 12893523, at *3 (N.D. Ala. Mar. 7, 2012); *see also Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (alteration in original) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

*Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).    However, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."    *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).    That said, "[t]hose opposing fee applications have obligations, too.    In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'"    *Id.* (quoting *Norman*, 836 F.2d at 1301).

## III.    ANALYSIS

Judge Sneed's September 30, 2024 Order granted Petitioner's Verified Petition and ordered the return of his son to Peru.    Doc. No. 62.    As such, and in the absence of any argument to the contrary, the undersigned finds that Petitioner is entitled to an award of his necessary expenses unless doing so would be clearly inappropriate.    22 U.S.C. § 9007(b)(3); *Rath*, 898 F.3d at 1311.

However, as discussed above, Petitioner's filings related to the amount of his requested fees and expenses have been woefully deficient.    And despite the undersigned's directives on two prior occasions (Doc. Nos. 71, 73), the present motion fares no better.    Doc. No. 74.    The entirety of Petitioner's legal analysis is

again a lone citation to ICARA's fee-shifting provision.  *Id.*, at 1-2.[3]  He cites no caselaw or other authority justifying any of his requested fees and expenses.  He provides no discussion at all for some of the requested expenses (*i.e.*, the $2,010.00 for "Attorney" and phone charges), and many of the exhibits he attaches to the motion are either illegible copies, in another language without translation, contain receipts in another currency without conversion to US Dollars, or do not add up to the amounts listed in the motion.  *Id.*; *see also* Doc. No. 74-1.

Given Petitioner's continued failure to establish – both legally and factually – that his requested fees and expenses constitute "necessary expenses" under § 9007(b)(3), the undersigned considered whether a recommendation that the motion be denied in its entirety without further leave to re-file would be appropriate. However, given the mandatory language of § 9007(b)(3) and the purposes behind that statute, the undersigned will instead recommend that Petitioner be awarded a reduced amount of legal fees and expenses as follows.

A.    *Attorney's Fees*

To calculate a reasonable award of attorney's fees, the Court should multiply the reasonable hourly rate by the reasonable hours expended.  *Hensley*, 461 U.S. at

---

[3] Petitioner cites to the previous version of that statute:  42 U.S.C. § 11607(b)(3). Doc. No. 74, at 1-2.

433-34; *Norman*, 836 F.2d at 1299.    Under the lodestar method, a reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."    *Norman*, 836 F.2d at 1299; *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).    Services of paralegals and law clerks are also compensable at relevant market rates.    *Am. Charities for Reasonable Fundraising Regul., Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003).

The "relevant market" is "the place where the case is filed."    *Barnes*, 168 F.3d at 437 (quoting *Cullens v. Ga. Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). To establish that the requested hourly rate is consistent with the prevailing market rate, the fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits."    *Norman*, 836 F.2d at 1299.    This requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates.    *Id.*

After determining the reasonable hourly rates, the Court must then determine the number of hours reasonably expended on the litigation.    Counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary."    *Hensley*, 461 U.S. at 434.    In demonstrating that the requested hours are reasonable, counsel "should have

maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.   Inadequate documentation may reduce the fees requested.   *Hensley*, 461 U.S. at 433.   The court may also reduce hours it finds excessive or unnecessary.   However, a fee opponent's failure to explain with specificity the particular hours he or she views as "unnecessary or duplicative" is generally fatal.   *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)).

### 1.   *Hourly Rates*

Petitioner requests a $400.00 hourly rate for his attorney Gary S. Israel and $100.00 per hour for a paralegal.   Doc. No. 74, at 3.   The only justification provided for this rate is that $400.00 is Attorney Israel's "usual rate for the past 20 years," and that "[t]his is the prevailing rate for attorneys in Orlando for attorney's with over 45 years experience in family law."   *Id.*   These conclusory and bald statements are insufficient to support the requested rates; not only does Petitioner fail to provide any information or evidence related to Attorney Israel's background or experience, but he also wholly fails to provide any information regarding the paralegal.

In such circumstances, the undersigned will instead focus on the undersigned's own review of the rates customarily awarded for similar types of litigation to attorneys of similar levels of experience by courts in the Middle District of Florida, Orlando Division, as well as the undersigned's own experience and expertise. *See Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." (quoting *Campbell*, 112 F.2d at 144)). Based on that review, and in the absence of any argument to the contrary, the undersigned finds that the rates Petitioner seeks are reasonable and customarily awarded for attorneys and paralegals in the Orlando Division of the Middle District of Florida.[4] *See, e.g., Lloyd v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:20-cv-1447-RBD-EJK, 2022 WL 22867883, at *2 (M.D. Fla. Jan. 12, 2022), *report and recommendation adopted*, 2022 WL 22867881 (M.D. Fla. Jan. 31, 2022) (finding hourly rate of $400.00 reasonable in the Orlando Division for a Florida attorney with 20 years' experience); *Sumner v. Garner*, No. 6:18-cv-40-Orl-28GJK, 2019 WL 11499343, at *2 (M.D. Fla. Oct. 21, 2019), *report and recommendation adopted*, 2019 WL 11499348 (M.D. Fla. Nov. 6, 2019) (same); *Lombard v. Another S. Holding Co., LLC*, No. 6:17-cv-

---

[4] The undersigned presumes that Attorney Israel has at least 20 years' experience given the representation that he has charged $400.00 for the last 20 years. Doc. No. 74, at 3.

- 12 -

1952-Orl-31DCI, 2019 WL 2423612, at *1 (M.D. Fla. June 10, 2019) (awarding hourly rate of $400.00 to an experienced civil rights attorney in FHA case); *see also River Cross Land Co., LLC v. Seminole Cty.*, No. 6:18-cv-1646-ACC-LHP, 2022 WL 20622333, at *5 (M.D. Fla. Dec. 12, 2022), *report and recommendation adopted*, 2023 WL 5748424 (M.D. Fla. Jan. 5, 2023) (finding $150.00/hour rate customary and reasonable rate for paralegals within this District); *Sanchez v. M&F, Inc., LLC*, No. 6:17-cv-1752-Orl-22LRH, 2020 WL 4671144, at *5 (M.D. Fla. Aug. 12, 2020) (awarding $150.00 per hour under the lodestar for a paralegal in Orlando).

2.      *Reasonable Hours*

With respect to the attorney and paralegal hours, Petitioner attaches a copy of his billing records, which show a total of 20.60 hours.   Doc. No. 74-1, at 34.   A review of those records demonstrate that the hours were utilized on tasks related to the litigation of this case, to include preparing the Verified Petition and exhibits, preparing motions and hearing briefs, preparing for and attending Court hearings, and preparing and filing the present motion for fees and costs.   *Id.*   The undersigned further finds these hours are reasonable, adequately supported, and not excessive, particularly in the absence of any argument to the contrary.   *See Barnes*, 168 F.3d at 428 ("Those opposing fee applications have obligations, too.   In order for courts to carry out their duties in this area, 'objections and proof from fee

opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman*, 836 F.2d at 1301)).

In the motion, Petitioner's calculations as to his fees are inconsistent. While stating that he incurred 20.60 hours of attorney and paralegal fees, he only requests 16.33 hours of attorney time and 3.35 hours of paralegal time. Doc. No. 74, at 3. Petitioner provides no explanation for this discrepancy, but given the multiple opportunities already provided to Petitioner to clarify and support his requests, the undersigned presumes that the lower number of hours is intentional. Thus, the undersigned will recommend that the Court apply the lower number of hours, and award a total fee amount of $6,867.00 (16.33 hours x $400.00 + 3.35 hours x $100.00).

   B.   *Necessary Expenses*

Petitioner first seeks recovery of the $405.00 filing fee. Doc. No. 74, at 3. The undersigned finds this was a necessary expense to the filing of this case, the purpose of which was to obtain return of Petitioner's son, and therefore will recommend that this request be granted. *See Neiuwenhoven*, 2023 WL 3794568, at *11; *Toufighjou v. Tritschler*, No. 8:16-cv-1709-T-33JSS, 2016 WL 6122465, at *2 (M.D. Fla. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6084097 (M.D. Fla. Oct. 18, 2016); *see also* 22 U.S.C. § 9007(b)(3) (listing "court costs" as a recoverable "necessary expense").

Next, Petitioner lists in his motion and appendix several categories of expenses for food, automobile rental, lodgings, airlines, phone, and attorney, all of which total $13,351.15.   Doc. No. 74, at 4-5; Doc. No. 74-1, at 1.   Petitioner explains that these expenses were necessary because he was ordered to appear in person for the August 15, 2024 status conference and September 19, 2024 final hearing, and therefore he traveled from Peru to attend these proceedings.   Doc. No. 74, at 3-4. He further explains that "[i]t was cost prohibitive for Petitioner to fly back to Peru, then back to the United States" between the August 15, 2024 and September 19, 2024 hearings.   *Id.*, at 4.   Following the September 19, 2024 hearing, Petitioner then "waited in Orlando for the decision of the court, anticipating his win and permission to return his child to Peru."   *Id.*   After the Court directed J.M.S.R.G.C.'s return by October 29, 2024, Petitioner "waited to determine if Respondent would be returning to Peru or if he would be travelling with his child. Upon learning of Respondent's intentions, Petitioner returned to Peru on October 15, 2024."   *Id.*   Petitioner contends that the expenses he seeks were incurred for "housing, rental car, food, and necessities while awaiting the court's decision in Orlando, in addition to the airfare he purchased for a return ticket."   *Id.*

Under ICARA, a prevailing petitioner is entitled to reimbursement for necessary expenses related to the return of the child, including transportation costs. 22 U.S.C. § 9007(b)(3).   Therefore, the costs incurred for airfare, car rental, and

parking related to traveling to Florida to attend the August 15, 2024 and September 19, 2024 hearings and for returning Petitioner's son to Peru are recoverable.   *See Toufighjou*, 2016 WL 6122465 at *3 (awarding airfare, car rental, lodging, and parking for attending hearing and returning child to habitual residence in Canada); *Paulus ex rel. P.F.V. v. Cordero*, No. 3:12-CV-986, 2013 WL 432769, at *4 (M.D. Pa. Feb. 1, 2013) ("[F]ederal courts have awarded successful ICARA petitioners airfare incurred in traveling to and from the United States to appear in court."); *Seaman v. Peterson*, 762 F. Supp. 2d 1363, 1381 (M.D. Ga. 2011), *aff'd*, 766 F.3d 1252 (11th Cir. 2014) (awarding expenses for the children's transportation to their habitual residence in Mexico).

As discussed above, Petitioner seeks far more than his expenses for attending the August 15, 2024 and September 19, 2024 hearings – he seeks his expenses for choosing to stay in Florida in between the hearings, and while awaiting the Court's final order.   Doc. No. 74, at 3-4.   But choosing to stay in Florida does not constitute a "necessary expense" related to this litigation or to the return of Petitioner's son – rather it was admittedly for Petitioner's own convenience based on an assertion that it was "cost prohibitive."   *Id.*[5]   Moreover, it does not appear that Petitioner

_____

[5] The undersigned questions this assertion.   As discussed below, the plane ticket for Petitioner's travel to Orlando from Peru equated to approximately $550.55 USD.   Yet Petitioner now seeks over $13,000.00 in expenses for a five-week stay in Orlando.

- 16 -

accompanied his son back to Peru, thus to the extent he is seeking any expenses related to his stay in Orlando beyond September 19, 2024, in the absence of any legal authority to the contrary, such expenses are also not recoverable.[6]

Instead, the undersigned will recommend that Petitioner only be awarded his expenses related to his travel for the two hearings, to include airfare, car rental, and lodging. The undersigned will recommend that the other requested expenses, to include food, phone service, and several unexplained expenses many of which are in a foreign language, be denied. *See Neiuwenhoven*, 2023 WL 3794568, at *11 (limiting recoverable expenses under § 9007(b)(3) to clearly documented expenses of airfare and car rental, and denying all expenses for which "the Court cannot discern what precisely these expenses represent, for whom they were incurred, or whether they were necessary for the child's return"); *Munoz v. Diaz*, No. 4:22-CV-9, 2023 WL 139732, at *9 (S.D. Ga. Jan. 9, 2023) (denying reimbursement of miscellaneous travel expenses where much of the text of the image in support was in Spanish, "and Petitioner offers no translation, and his briefing makes no effort to describe or list what the charges were for, much less how or why they qualify as 'necessary' under 22 U.S.C. § 9007(b)(3)"); *Rath v. Marcoski*, No. 8:16-cv-2016-T-

---

[6] Petitioner would have been able to recover the cost of his return ticket to Peru, however, he has not presented any evidence that he purchased a return ticket.

23AEP, 2018 WL 446651, at *3 (M.D. Fla. Jan. 17, 2018), *aff'd*, 898 F.3d 1306 (11th Cir. 2018) (denying request for travel expenses under § 9007(b)(3) where petitioner failed to provide "supporting documentation in English"); *Toufighjou*, 2016 WL 6122465, at *3 ("[C]osts incurred for meals while in Florida for the evidentiary hearing are not recoverable, as those costs are not related to the return of A.R.T." (citing *In re Application of Hirts*, No. CIV.A.03-CV-03156, 2004 WL 1588227, at *1 (E.D. Pa. July 13, 2004), *aff'd sub nom. Hirts v. Hirts*, 152 F. App'x 137 (3d Cir. 2005)); *Lamiri v. Audette*, No. 6:15-cv-1810-Orl-28TBS, 2015 WL 13741736, at *6 (M.D. Fla. Dec. 22, 2015), *report and recommendation adopted*, 2016 WL 452317 (M.D. Fla. Feb. 5, 2016) (cutting travel expenses in half where petitioner failed to justify the expenses or explain why respondent should be liable for them).

With respect to airfare, Petitioner has submitted a receipt for his one-way flight from Peru to Orlando on August 13, 2024 to attend the August 15, 2024 status conference.   Doc. No. 74-1, at 25-28.   The undersigned finds this travel expense necessary, and therefore recoverable.   *See Toufighjou*, 2016 WL 6122465 at *3. However, it appears that the cost of the flight is in Peruvian currency: PEN2,055.85.   *See id.*, at 28.   The flight was purchased on August 5, 2024, *see id.*, at 25, and on that date the exchange rate was 1 PEN to .2678 USD.[7]   This equates to

---

[7] https://www.exchange-rates.org/exchange-rate-history/pen-usd-2024.

$550.55 in US currency, and the undersigned will recommend Petitioner be awarded this amount.

As for car rental, Petitioner has submitted invoices for the period August 13, 2024 through September 26, 2024 totaling $2,010.05.   Doc. No. 74-1, at 1, 12-13.   As Petitioner has not justified any car rental expenses beyond those necessary for attending the two hearings, the undersigned will recommend that this expense be awarded only for car rentals from August 13, 2024 (date of Petitioner's flight) to the August 15, 2024 status hearing and again for the September 19, 2024 hearing. Because the car rentals are from different companies, using different discounts, rates, and car models, and again in the absence of any assistance from Petitioner, the undersigned recommends simply awarding a pro rata amount of the expense, which is $178.67 ($2,010.05 ÷ 45 days x 4 days).[8]   *See Escobar Villatoro v. Figueredo*, No. 8:15-cv-1134-T-36TBM, 2015 WL 6150769, at *3 (M.D. Fla. Oct. 16, 2015) (denying request for rental car, gas, and hotel charges where petitioner stayed in the country for several days after both hearings, and where petitioner failed to

---

[8] The undersigned is using the amounts for car rental listed in the motion and appendix.   Doc. No. 74, at 4; Doc. No. 74-1, at 1.   These amounts do not appear to equate to the totals listed on the invoices, but again the undersigned utilizes the amounts requested by Petitioner.

submit evidence in order for the court to determine the necessity or reasonableness of the additional travel expenses).

Petitioner also requests a total of $6,871.97 for lodging, *see* Doc. No. 74-1, at 1, which the undersigned will again recommend limiting to lodging related solely to the August 15, 2024 and September 19, 2024 hearings. Petitioner has attached an invoice for a hotel from August 13-16, 2024, in the amount of $256.61. Doc. No. 74-1, at 19. The undersigned recommends that this amount be reduced by $55.25 (the rate for August 16) and otherwise be awarded in the amount of $201.36. The undersigned cannot ascertain from the attached exhibits any lodging fees for the September 19, 2024 hearing as all other exhibits that might relate to lodging appear to be in another language without translation or explanation. *See, e.g.*, Doc. No. 74-1, at 14-18, 20-21, 33. Therefore the undersigned does not recommend recovery of any further lodging expenses. *See Munoz*, 2023 WL 139732, at *9; *Rath*, 2018 WL 446651, at *3; *Escobar Villatoro*, 2015 WL 6150769, at *3.

In sum, the undersigned will recommend that Petitioner recover $930.58 in necessary expenses, and that all other requested expenses be denied.

C.    *Appropriateness of Total Award*

The last issue to address is whether the recommended award of fees and expenses is clearly inappropriate. The "substantial burden" on this point rests with Respondent. *Rath*, 898 F.3d at 1311. Given Respondent's failure to oppose

or otherwise respond to Petitioner's motion, the undersigned finds that the recommended award of attorney's fees and necessary expenses is not clearly inappropriate. *See Llanso v. Rivers*, No. 23-CV-22341-RAR, 2024 WL 776021, at *3 (S.D. Fla. Feb. 26, 2024) ("Respondent's failure to respond is sufficient for the Court to conclude that Respondent has failed to establish that such an award is 'clearly inappropriate' under 22 U.S.C. § 9007(b)(3)."); *Munoz*, 2023 WL 139732, at *10 ("Respondent has declined to file any sort of response to Petitioner's Motion, and thus has failed to carry her substantial burden of establishing that a fee award is clearly inappropriate." (quotation marks and citation omitted)).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Court **GRANT IN PART AND DENY IN PART** Petitioner's Second Amended Motion for Attorney's Fees and Necessary Expenses, (Doc. No. 74), and award attorney's fees in the amount of $6,867.00, court costs in the amount of $405.00, and other necessary expenses in the amount of $930.58.   The undersigned further recommends that Petitioner's motion be **DENIED** in all other respects, and that judgment be entered in accordance with any ruling entered on this Report and Recommendation.

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 5, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy